UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

IN RE:

BRIAN K. HOCKENSMITH and                           CASE NO. 08-30243
CHRISTEL L. HOCKENSMITH

DEBTORS

MARK T. MILLER, TRUSTEE                            PLAINTIFF

v.                                                 ADV. NO. 09-3005

JAMES W. BATES                                     DEFENDANT

**MEMORANDUM OPINION**

These matters having come before the Court upon Plaintiff's Motion for Summary Judgment (DOC 9), and Defendant's Motion for Summary Judgment (DOC 12), and the matters having been heard by the Court on June 9, 2009, and the matters having been taken under submission pursuant to an Agreed Order of Submission (DOC 16), the Court hereby issues this Memorandum Opinion.

These matters are submitted to the Court on the issue of whether the Trustee may avoid a transfer as preferential when the transfer came out of a posted bond from one of the Debtors in partial restitution to the Defendant when the original source of the funds were the parents of that Debtor.

Jurisdiction of this matter is conferred on the Court by 11 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding within the definition of 28 U.S.C. § 157.

Facts. The facts are not disputed.

In 2007, Co-Debtor Brian K. Hockensmith was involved in three criminal actions in state court. In order to be released from jail

prior to a trial of these cases, a cash bond of $100,000.00 was posted on May 25, 2007. The receipt for the bond shows Co-Debtor, Christel Hockensmith, to be the person posting the bond (see Exhibit 1 to DOC 9), and the bail bond indicates her to be surety (see Exhibit 2 to DOC 9). The parties to this adversary agree that the original source of the bond were the parents of Christel Hockensmith.

On February 22, 2008, Co-Debtor, Brian K. Hockensmith signed a Motion to Enter a Guilty Plea. Also, on February 22, 2008, the state court judge signed an order requiring that out of the posted bond of $100,000.00, the sum of $76,000.00 was to be paid to the James W. Bates, the Defendant in this adversary proceeding, as partial restitution. Lastly, on February 22, 2008, the sum of $76,000.00 was paid to Mr. Bates.

On April 7, 2008, the Debtors filed a Chapter 7 bankruptcy.

<u>Conclusions of Law</u>. Pursuant to 11 U.S.C. § 547(b), the trustee may avoid a transfer as being a preferential transfer it if is made: (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) while the debtor was insolvent; (4) within 90 days prior to the date of the filing of the petition; and, (5) if said transfer enables such creditor to receive more than it would receive if the transfer had not been made and the creditor received a pro rata share of the asset.

Here, the Defendant clearly is a creditor, if not, he never would have received the restitution to begin with; the payment was clearly for an antecedent debt as the debt already existed; there is no dispute that Debtors were insolvent at the transfer; the transfer occurred on February 22, 2008, a date clearly within 90 days of the filing of the petition on April 7, 2008; and, there is no dispute that

the Defendant received more from the transfer than if the transfer had not been made.

"When deposits of money are made by a person other than the defendant utilizing funds other than those of the defendant as bail security . . . The deposit shall be listed as being made on behalf of the defendant by the depositor and not in the name of the defendant." KRS 431.532. Here, the deposit was made by Christel Hockensmith (see Exhibit 1 to DOC 9), and the deposit was not listed as being made by anyone other than Christel Hockensmith. "If the conditions of release imposed by the court have been performed and the defendant has been discharged from all obligations in the action, the clerk shall return to him or his sureties the deposit of any cash, stocks or bonds." KRS 431.535(6). Since the bond could only be released to the depositor/surety, the bond became the property of and was controlled exclusively by Christel Hockensmith.

Defendant in this adversary proceeding argues that the Debtors never acquired any rights in the bond deposit. However, that argument is not convincing since the deposit was listed as being made by Christel Hockensmith, and could only be released to Christel Hockensmitb. Thus the Debtors did acquire rights in the bond deposit.

Defendant also argues that the transaction was a contemporaneous exchange for value. This argument is that one of the Debtors was released from custody because of the posting of the bond. However, that is not the relevant transfer, the relevant transfer occurred when the $76,000.00 was issued to the Defendant in this action as restitution. The transaction at issue in this adversary proceeding is not a contemporaneous exchange for value.

Defendant next argues that the restitution was penal instead of

compensatory. However, this argument fails as the payment was not in the form of a fine or penal nature. It was issued as restitution.

For those reasons, a separate order shall be entered SUSTAINING Plaintiff's Motion for Summary Judgment (DOC 9), DENYING Defendant's Motion for Summary Judgment (DOC 12), and entering judgment in favor of the Plaintiff Trustee.

COPIES TO:

Mark T. Miller, Esq.
John C. Ryan, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott*
**Bankruptcy Judge**
**Dated: Thursday, June 25, 2009**
**(jms)**